```
            IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF GEORGIA
                     ATLANTA DIVISION
```

| | |
|---|---|
| DAVID JUSTICE, BRANNON : <br> JUSTICE, ERICA JUSTICE, : <br> Individually and as Next Friend of : <br> KALEB MICHAEL JUSTICE, a minor : <br> : <br> Plaintiffs, : <br> : <br> : <br> : <br> FORD MOTOR COMPANY, INC. and : <br> SENSATA TECHNOLOGIES, INC., : <br> : <br> Defendant. : | CIVIL ACTION FILE <br> NO: 1:07-CV-00928-SCJ |

### **DEFENDANT FORD MOTOR COMPANY'S BRIEF IN SUPPORT OF ITS MOTION TO STRIKE AND FOR SANCTIONS**

COMES NOW Defendant Ford Motor Company ("Ford") and hereby files its Brief in Support of Its Motion to Strike and for Sanctions, moving the Court for an order striking portions of Plaintiffs' Response in Opposition to Defendant's Motion for Summary Judgment, Dkt. 52 ("Response") and to impose appropriate sanctions, respectfully showing the Court as follows:

### **FACTS**

On January 26, 2012, during the deposition of Ford's expert Mark Hoffman, one page of privileged notes authored by Ford's consulting expert, Larry Helton, was inadvertently produced to Plaintiffs on a CD with other non-privileged documents. Ford immediately objected on the basis of privilege:

> I'm objecting to the use of that document. It appears to me that that is a privileged document that was inadvertently produced . . . I believe it's an inadvertent production and we're probably need to get that back, but we'll follow up with you after the deposition for that.

(Deposition of Mark Hoffman ("Hoffman Dep."), attached hereto as Exhibit A, at 104:21-105:6.) Plaintiffs admit that they were aware these privileged notes were inadvertently produced. (Response, p. 9.)

One day after the inadvertent production, Ford's counsel sent Plaintiffs a letter reiterating the privilege objection and requesting that Plaintiffs "return, sequester, or destroy" the notes, in compliance with Fed. R. Civ. P. 26(b)(5)(B). (Exhibit B.) Plaintiffs agreed to comply with Rule 26(b)(5)(B) and "sequester the document until the privilege claim is resolved by the Court." (Exhibit C.)

However, instead of sequestering the document, Plaintiffs – in their unsealed Response – contended that the privileged notes indicate "Mr. Helton's belief that the fire was caused by a defective SCDS." (Response, p. 9; Plaintiffs' Statement of Material Facts that Present a Genuine Issue for Trial, Dkt. 52-1 ("Plaintiffs' SOF"), ¶ 39.)

2

**ARGUMENT**

**I. Plaintiffs Violated Federal Rule of Civil Procedure 26(b)(5)(B).**

Plaintiffs' use and disclosure of Helton's notes directly violated the Federal Rules of Civil Procedure. Federal Rule of Civil Procedure 26(b)(5)(B) plainly requires that a party "must not use or disclose" inadvertently produced information "until the claim [of privilege] is resolved." Plaintiffs did not attempt to "present the information to the court under seal for a determination of the claim," as provided by Fed. R. Civ. P. 26(b)(5)(B). Instead, Plaintiffs used and disclosed the privileged notes in their unsealed Response.

**II. Plaintiffs Improperly Intruded Upon the Consulting Expert Privilege.**

Further, Plaintiffs' use and disclosure of Helton's privileged notes intruded on the consulting expert privilege, which is set forth in Fed. R. Civ. P. 26(b)(4)(D):

> *Expert Employed Only for Trial Preparation.*
> Ordinarily, a party may not, by interrogatories or deposition, discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or to prepare for trial and who is not expected to be called as a witness at trial.[1]

---

[1] An exception to the consulting expert privilege arises "on showing exceptional circumstances under which it is impracticable for the party to obtain facts or opinions on the same subject by other means." Fed. R. Civ. P. 26(b)(4)(D)(ii). Plaintiffs have not attempted to make such a showing.

The consulting expert privilege "is designed to promote fairness by precluding unreasonable access to an opposing party's diligent trial preparation." <u>Durflinger v. Artiles</u>, 727 F.2d 888, 891 (10th Cir. 1984). The privilege is intended to allow litigants to consult experts to evaluate a claim "without fear that every consultation with an expert may yield grist for the adversary's mill." <u>Rubel v. Eli Lilly and Co.</u>, 160 F.R.D. 458, 460 (S.D.N.Y. 1995).

As set forth above, there is no doubt that Plaintiffs knew that Ford was asserting the consulting expert privilege with respect to Mr. Helton's notes. Yet, they still discussed them in their unsealed Response. Plaintiffs' conduct demonstrates a concerning disregard for the consulting expert privileges and the reasons behind it.

### III. Plaintiffs Grossly Mischaracterized Helton's Privileged Notes in Their Response.

Plaintiffs' statement that the privileged notes indicate "Mr. Helton's belief that the fire was caused by a defective SCDS" is a <u>gross mischaracterization</u> of the notes' cryptic contents. If the Court requires, Ford will provide these privileged notes to the Court for an *in camera* review in order to evaluate Plaintiffs' mischaracterization of their contents

4

and determine any appropriate sanctions for Plaintiffs' improper use and disclosure of these notes.

## **SANCTIONS**

Because of the above-described conduct, this Court should STRIKE and refuse to consider Plaintiffs' discussion of Helton's privileged notes (contained on pages 8 and 9 of Plaintiffs' Response).

Further, this Court should exercise its inherent powers to impose other appropriate sanctions for Plaintiffs' conduct. See Chambers v. NASCO, Inc., 501 U.S. 32, 46-47, 111 S. Ct. 2123, 2134, 115 L. Ed. 2d 27 (1991) (federal courts retain inherent power to sanction bad-faith conduct). Ford does not take the filing of this motion lightly. However, Ford's repeated requests to Plaintiffs to comply with the Rules have been ignored. Unfortunately, Ford's only remaining option to protect privileged documents is to seek intervention from this Court.

Other Courts have issued sanctions on similar facts. For example, in Lazar v. Mauney, Judge O'Kelley struck a defendant's entire response to a motion to compel as a sanction for using inadvertently disclosed privileged material in the defendant's response. 192 F.R.D. 324 (N.D. Ga. 2000). This harsh sanction was warranted even though the Federal Rules had not yet been amended to include Fed. R. Civ. P. 26(b)(5)(B)'s provisions

addressing inadvertent disclosure. The Court further noted that – even though Georgia's Rules of Professional Conduct do not address inadvertent disclosure as many other states' ethical rules do – defense counsel violated several ethical principles by using privileged documents:

> The court is deeply disturbed by the conduct of [defense counsel] and refuses to overlook the ethical implications arising therefrom. . . . Despite the fact that [plaintiff's counsel] immediately and courteously requested and received the privileged pages and re-asserted the attorney-client privilege a number of times, defense counsel secretively retained a copy of the letter, knowing it was allegedly privileged, and published it in a public proceeding without seeking guidance from the court. By failing to notify plaintiff's counsel that they had retained a copy of the letter and disputed the privilege assertion, [defense counsel] implicitly, if not explicitly, behaved dishonestly. They exploited [plaintiff's counsel's] mistake and deceived her into believing that the situation had been rectified and resolved. . . .
>
> Although the Georgia Canons of Ethics do not expressly forbid a recipient of inadvertently produced privileged materials from using them, Georgia case law expressly and vigorously provides that such documents remain privileged. The logical corollary from that is DO NOT USE PRIVILEGED DOCUMENTS, especially without court guidance.

Lazar v. Mauney, 192 F.R.D. 324, 330-31 (N.D. Ga. 2000). Other courts have disqualified counsel as a sanction for the receipt or use of inadvertently produced privileged material. See, e.g., Maldonado v. New Jersey, 225 F.R.D. 120 (D.N.J. 2004); Abamar Hous. & Dev., Inc. v. Lisa Daly Lady Décor, Inc. 724 So. 2d 572

(Fla. Dist. Ct. App. 1998); <u>Gen. Acceptance Ins. Co. v. Borg-Warner Acceptance Corp.</u>, 483 So.2d 505 (Fla. Dist. Ct. App. 1986).

**CONCLUSION**

Plaintiffs used and disclosed a privileged document without first seeking Court intervention, in direct violation of the Federal Rules of Civil Procedure. Plaintiffs' conduct also displays lack of regard for the consulting expert privilege, and Plaintiffs' characterization of Helton's notes was grossly misleading. This Court should therefore STRIKE and refuse to consider Plaintiffs' discussion of Helton's privileged notes in their Response and should impose other appropriate sanctions.

Respectfully submitted this 5th day of April, 2012.

                                HUFF, POWELL & BAILEY, LLC

                                */s/ David A. Terry, Esq.*
                                Michael R. Boorman, Esq.
                                Georgia Bar No.: 067798
                                David A. Terry, Esq.
                                Georgia Bar No.: 051508
                                999 Peachtree Street, NE
                                Suite 950
                                Atlanta, Georgia 30309
                                Telephone: (404) 892-4022
                                Facsimile: (404) 892-4033
                                mboorman@huffpowellbailey.com
                                dterry@huffpowellbailey.com

Scott Richman, Esq.
McDonald Toole Wiggins PA
Florida Bar No.: 182753
*Admitted Pro Hac Vice*
Post Office Box 4924
Orlando, Florida  32802-4924
SRichman@mtwlegal.com

**FONT CERTIFICATE**

Pursuant to Local Rule 7.1D, I hereby certify that this pleading was prepared using a font and point selection approved by the Court in Local Rule 5.1C.

                                            */s/ David A. Terry*___
                                            David A. Terry, Esq.

**CERTIFICATE OF SERVICE**

I hereby certify that on April 5, 2012, a copy of the foregoing was filed with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to the following attorneys of record:

>Christopher B. Hall, Esq.
>Cook, Hall & Lampros LLP
>1230 Peachtree Street, NE
>Promenade Two, Suite 3700
>Atlanta, Georgia 30309
>chall@cookhall.com

>/s/ *David A. Terry, Esq.*
>Michael R. Boorman, Esq.
>Georgia Bar No. 067798
>David A. Terry, Esq.
>Georgia Bar No. 051508
>
>999 Peachtree Street, NE
>Suite 950
>Atlanta, Georgia 30309
>Telephone: (404) 892-4022
>Facsimile: (404) 892-4033
>
>Scott Richman, Esq.
>McDonald Toole Wiggins PA
>Florida Bar No.: 182753
>*Admitted Pro Hac Vice*
>Post Office Box 4924
>Orlando, Florida  32802-4924
>SRichman@mtwlegal.com