IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DAVID JUSTICE, et al.,

   Plaintiffs,

     v.

FORD MOTOR COMPANY, et al.,

   Defendants.

CIVIL ACTION FILE
NO. 1:07-CV-928-TWT

ORDER

This is a property damage action. It is before the Court on the Defendant Ford Motor Company's ("Ford") Motion to Strike and for Sanctions [Doc. 55] and Defendant Ford's Motion for Summary Judgment [Doc. 45]. For the reasons set forth below, the Court GRANTS the Defendant's Motion to Strike, DENIES the Defendant's Motion for Sanctions, and GRANTS the Defendant's Motion for Summary Judgment.

I. Background

The Defendant, Ford Motor Company ("Ford"), manufactures the Ford Expedition. The Ford Expedition has a Speed Control Deactivation Switch ("SCDS"), which is a hydraulic pressure switch that functions as a redundant safety switch to interrupt power to the speed control system during brake applications in cruise control

operation. The SCDS in the Ford Expedition and some other Ford models has allegedly caused vehicle fires while the vehicles were parked and the ignitions were off. Concerned about the safety of the Ford Expedition and other vehicles with a high SCDS failure rate, Ford recalled over 730,000 vehicles in January 2005. Ford sent three recall notices related to the SCDS to Plaintiff Brannon Justice between February 2005 and July 2005. (Def.'s Br. in Supp. of Def.'s Mot. for Summ. J., Ex. L.) There is no evidence before the Court that the Plaintiffs took any action regarding these notices.

Plaintiff Brannon Justice owned a 2000 Ford Expedition, that he had purchased from the Billy Howell Ford Lincoln-Mercury dealership on October 25, 2000. (Brannon Justice Decl. ¶ 2.) Plaintiff David Justice is Brannon's father, Plaintiff Erica Justice is Brannon's wife, and Plaintiff Kaleb Michael Justice is Brannon's son. (See generally Brannon Justice Decl.) On the morning of August 2, 2005, Erica Justice drove the vehicle. At approximately 10:00 am, she parked it in the garage of Plaintiff David Justice's house, and turned the ignition off. (Id. at ¶ 7.) Approximately three hours later Brannon Justice smelled smoke and investigated, finding a fire emanating from under the left side of the vehicle's hood. (Id. at ¶ 11.) Despite attempts to contain the fire, it spread, destroying David Justice's home and the contents within. (Id. at ¶ 16.)

The Plaintiffs sued Ford and Defendant Sensata Technologies, Inc. in Cobb County Superior Court on March 22, 2007, and the Defendants removed the case to this Court on April 25, 2007 [Doc. 1].  The Plaintiffs asserted claims of negligence, strict liability, misrepresentation, breach of warranty, post-sale duty to warn, punitive damages, compensatory damages, and emotional distress.  The case was transferred to the United States Judicial Panel on Multidistrict Litigation ("MDL") on June 7, 2007 [Doc. 12].

The plaintiffs in the MDL filed a Fourth Amended Master Complaint ("Complaint"), which is now the operative complaint for this case.  The Complaint supersedes the Plaintiffs' previously-filed complaint.  (Def.'s Br. in Supp. of Def.'s Mot. for Summ. J., Ex. D.)  The Complaint did not assert causes of action for breach of warranty, misrepresentation, post-sale duty to warn, or emotional distress, so these claims do not survive.  (Id.)  The case was transferred back to this Court on August 18, 2010 [Doc. 14].  Ford's Motion for Summary Judgment [Doc. 45] asks the Court to dismiss the remaining claims of strict liability, negligence, and compensatory and punitive damages.

## II.  Motion for Summary Judgment Standard

Summary judgment is appropriate only when the pleadings, depositions, and affidavits submitted by the parties show that no genuine issue of material fact exists

and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The court should view the evidence and any inferences that may be drawn in the light most favorable to the nonmovant. Adickes v. S.H. Kress & Co., 398 U.S. 144, 158-59 (1970). The party seeking summary judgment must first identify grounds that show the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986). The burden then shifts to the nonmovant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact does exist. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986).

### III.  Discussion

#### A.  Motion to Strike and for Sanctions

The Court grants the Defendant's Motion to Strike. The Court strikes the phrase -- "indicating Mr. Helton's belief that the fire was caused by a defective SCDS" -- from the Plaintiffs' Brief in Response to the Defendant's Motion for Summary Judgment. (Pls.' Br. in Opp'n to Def.'s Mot. for Summ. J., at 9.) The Court denies the Defendant's Motion for Sanctions.

#### B.  Motion for Summary Judgment

Georgia law provides by statute for claims against manufacturers under the theory of strict products liability. The statute provides:

> The manufacturer of any personal property sold as new property directly or through a dealer or any other person shall be liable in tort, irrespective

> of privity, to any natural person who may use, consume, or reasonably be affected by the property and who suffers injury to his person or property because the property when sold by the manufacturer was not merchantable and reasonably suited to the use intended, and its condition when sold is the proximate cause of the injury sustained.

O.C.G.A. § 51-1-11(b)(1).

The Plaintiffs argue that the SCDS was defectively designed and/or manufactured, and that the defect caused the fire. "Because the alleged design defect of the SCDS is not 'one that can be understood by the reasonable juror,' expert testimony is required." Meade v. Ford Motor Co., No. 1:09-CV-1833, 2011 WL 4402539, at *2 (N.D. Ga. Sept. 20, 2011) (quoting Bailey v. Monaco Coach Corp., 350 F. Supp. 2d 1036, 1045 (N.D. Ga. 2004)). In Meade, this Court held that in a products liability case, when expert testimony is required because the existence of a design or manufacturing defect is not an inference a jury can reasonably draw solely from human experience, at least one of the plaintiff's experts must testify that there was a design or manufacturing defect, and that this defect caused the product to fail. Meade, 2011 WL 4402539, at *2-*3. The Plaintiffs in this action argue that circumstantial evidence of a design or manufacturing defect causing the product failure alone should be sufficient to survive summary judgment.

The Plaintiffs have not produced an expert who testifies that the SCDS was defectively designed or manufactured, and that that defect caused the fire. Brian

Kigar is the Plaintiffs' only retained expert. Kigar does not offer any opinions on the design or manufacture of the SCDS. (Kigar Dep. at 30.) Kigar inspected the vehicle on August 12, 2005. He concluded that the SCDS was the cause of the fire. (Id. at 130.) He also concluded that the vehicle's SCDS exhibited the three characteristics that the National Highway and Traffic Safety Administration Closing Report identified in Ford vehicles that made the SCDS most likely to burst into flames while the vehicles were turned off. (Id. at 116-17.) These characteristics were a powered on at all times SCDS circuit (even when the car was turned off), vertical switch orientation, and high brake system vacuum. (Id.) However, Kigar still did not believe that the evidence he collected was sufficient to satisfy the NHTSA Closing Report criteria for concluding that the fire was caused by a failed SCDS. (Id. at 70.) The Court is presented with a situation in which the Plaintiffs' own expert will not state, with all of the information available to him, that a preponderance of the evidence supports the conclusion that the SCDS was defectively designed or manufactured, and that the defect caused the fire; meanwhile the Plaintiffs want the jury, with the same evidence and no technical knowledge, to decide that a preponderance of the evidence supports such a conclusion. The Plaintiffs' evidence would require the jury to make an inference that it could not reasonably make solely from human experience in order to reach a verdict in the Plaintiffs' favor.

In some circumstances, Georgia courts have made an exception to the typical requirement that in a complex products liability case a plaintiff must produce an expert who states that the product was defectively designed or manufactured and that that defect caused the product failure. "Georgia courts have not clearly identified when a plaintiff may rely on circumstantial evidence to establish a manufacturing defect," but there are factors that cause Georgia courts to be more likely to allow circumstantial evidence alone to prove a defect. Graff v. Baja Marine Corp., 310 Fed. Appx. 298, 306 (11th Cir. 2009). Primarily, if the product failure destroys evidence so that it is impossible for an expert to determine if the product had a manufacturing defect and that that defect caused the failure, a plaintiff may survive summary judgment with only circumstantial evidence of a product defect. See id. at 305-06; Rose v. Figgie Int'l, Inc., 229 Ga. App. 848, 850-51 (1997); Firestone Tire & Rubber Co. v. King, 145 Ga. App. 840, 842 (1978) ("[T]he defect in this case could not be directly observed due to the fact that the material in the area of the blowout was destroyed by the blowout. To rule that this prevented [the plaintiff] from establishing a prima facie case would be to insulate manufacturers from liability for defective products in any case where the defect causes its own destruction. Such a result would be totally untenable.").

This exception does not apply in this case. The Plaintiffs have presented no

evidence that the fire limited their expert's ability to determine if there was a defect that caused the fire. The Plaintiffs complain that the hexport of the SCDS was destroyed by State Farm agent Barry Slotter, who was sent by State Farm to investigate the fire. (Pls.' Br. in Opp'n to Def.'s Mot. for Summ. J., at 9.) However, the Plaintiffs had ample opportunity to examine the hexport before it was destroyed. The fire occurred on August 2, 2005, the Plaintiffs filed this suit on March 22, 2007, and Mr. Slotter noted that his "file & evidence [were] destroyed" on September 7, 2010. (Reply Br. in Supp. of Def.'s Mot. for Summ. J., at Ex. B.) This Court will not reward the Plaintiffs' inaction by treating the destroyed hexport as if it were destroyed at the time of the fire.

Furthermore, the Plaintiffs cannot survive summary judgment on their design defect claim without producing an expert to conduct a risk-utility balancing analysis. "When faced with a summary judgment motion, Plaintiffs have the burden to demonstrate a genuine issue of material fact that [the product] is defectively designed; to do this, they must produce evidence from an expert who is qualified to conduct the risk-utility analysis and to opine that the risks inherent in [the product's] design outweigh the utility or benefit derived from the product." In re Mentor Corp. ObTape Transobturator Sling Products Liab. Litig., 711 F. Supp. 2d 1348, 1365 (M.D. Ga. 2010). The Plaintiffs' expert did not conduct a risk-utility analysis. The Plaintiffs

have failed to provide sufficient evidence supporting their assertion that the vehicle was defectively designed or manufactured. The Plaintiffs do not assert that the Defendant has breached any other duty owed to them. Therefore, the Defendant is entitled to summary judgment on the negligence claim as well.

## IV.  Conclusion

For the reasons set forth above, the Court GRANTS the Defendant's Motion to Strike [Doc. 55], DENIES the Defendant's Motion for Sanctions [Doc. 55], and GRANTS the Defendant's Motion for Summary Judgment [Doc. 45].

SO ORDERED, this 27 day of June, 2012.

/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge